UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI WILLIAMS,

        Plaintiff,           Docket No: 1:10-cv-1028

-vs-

                           HONORABLE GORDON J. QUIST
                           Magistrate Judge Ellen Carmody

CITY OF LANSING,
LANSING POLICE DEPARTMENT,

        Defendant.

_____/

| Richard A. Meier (P38204) | David K. Otis (P31627) |
|---|---|
| Attorney for Plaintiff | PLUNKETT COONEY |
| 30300 Northwestern Hwy Ste 320 | Attorneys for Defendant |
| Farmington Hills, MI 48334 | 325 E. Grand River Ave, Ste 250 |
| (248) 932-3500 | East Lansing, MI 48823 |
| | (517) 324-5612 |

_____/

## DEFENDANTS' MOTION TO DISMISS CASE AS A DISCOVERY SANCTION OR FOR DISMISSAL ON THE PLEADINGS AND FOR SUMMARY JUDGMENT

Defendants City of Lansing and Lansing Police Department, which is not an entity subject to suit, file their Motion to Dismiss Case as a Discovery Sanction pursuant to Fed.R.Civ.P. 37(c) and (d) or for dismissal of Plaintiff's claims under Fed.R.Civ.P. 12(c) and under Fed.R.Civ.P. 56(c) and state:

        1.     Defendants' counsel sought concurrence in the motion to dismiss as a discovery sanction via e-mail September 6, 2011. Concurrence was not obtained as Plaintiff's counsel did not respond.

2. Defendant complied with Rule 37(d)(1)(B) as evidenced by Defendant's letter dated July 20, 2011 seeking responses to discovery.

3. Defendants' counsel sought concurrence in the motion for dismissal on the pleadings and summary judgment via e-mail September 7, 2011. Concurrence was not obtained as Plaintiff's counsel did not respond.

4. Plaintiff filed her complaint October 18, 2010 alleging gender discrimination under the Michigan Elliott Larsen Civil Rights Act, gender discrimination under 42 U.S.C. § 1981 in the making and enforcement of a contract and a violation of unspecified constitutional rights brought under 42 U.S.C. § 1983.

5. The Case Management Order was issued March 7, 2011 setting May 2, 2011 as the deadline for Rule 26(a) disclosures and August 31 for the completion of discovery.

6. Defendant served interrogatories and requests for production on Plaintiff on April 15, 2011. Defendant sent a letter to Plaintiff's council on July 20, 2011 requesting the discovery responses by August 1, 2011. Plaintiff has failed to provide any responses to those discovery requests or responded in any way to Defendants' inquiry about the discovery. Discovery closed August 31, 2011.

7. Plaintiff's complaint arises out the investigation of Plaintiff by the Michigan State Police which resulted in misdemeanor charges for improper use of the Law Enforcement Information Network (LEIN) system. She was convicted on one of the charges. Because of her conviction for improper use of LEIN, pursuant a letter from the Michigan State Police, Plaintiff is permanently restricted from use of

the system. Thus Plaintiff can no longer perform an important duty as a police officer.

8. As a result of an internal LPD investigation of violation the Department Rules, which was triggered by one external and one internal complaint, relating to association with persons under criminal investigation and her conviction for the improper use of the LEIN, following a pre-determination hearing, Plaintiff was terminated from her employment as a police officer on November 23, 2010.

9. Dismissal of Plaintiff's complaint as a discovery sanction is warranted under Fed.R.Civ.P. 37(c)(1) and 37(d).

10. Plaintiff's claims of gender discrimination in employment in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983 for violation of constitutional rights and the ELCRA, MCL 37.2202 must be dismissed or summary judgment granted to Defendants.

11. Plaintiff's claims should be dismissed under Rule 12(c) as the pleadings do not meet the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, __ U.S. __; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009).

12. Further, summary judgment in favor of Defendants is warranted under Rule 56(c) as Plaintiff cannot present any evidence to refute Defendants' non-discriminatory reason for her termination.

WHEREFORE, Defendants request that this Honorable Court grant Defendants' motion and dismiss Plaintiff's case with prejudice as a discovery

sanction. Further, Defendants request that their motion to dismiss under Rule 12(c) be granted as to all counts. In the alternative, summary judgment on Count 1 for gender discrimination under the ELCRA should be granted to Defendants.

                                       Respectfully submitted,

                                       PLUNKETT COONEY

Dated: September 14, 2011          By: /S/   David K. Otis
                                       PLUNKETT COONEY
                                       Attorney for Defendants
                                       325 E. Grand River Ste 250
                                       East Lansing, MI 48823
                                       (517) 324-5612
                                       dotis@plunkettcooney.com
                                       (P31627)

Open.18566.03527.11201961-1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI WILLIAMS,

        Plaintiff,

-vs-

CITY OF LANSING,
LANSING POLICE DEPARTMENT,

        Defendant.

Docket No: 1:10-cv-1028

HONORABLE GORDON J. QUIST
Magistrate Judge Ellen Carmody

_____/

Richard A. Meier (P38204)
Attorney for Plaintiff
30300 Northwestern Hwy Ste 320
Farmington Hills, MI 48334
(248) 932-3500

David K. Otis (P31627)
PLUNKETT COONEY
Attorneys for Defendant
325 E. Grand River Ave, Ste 250
East Lansing, MI 48823
(517) 324-5612

_____/

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION TO DISMISS CASE AS A DISCOVERY SANCTION OR
## FOR DISMISSAL ON THE PLEADINGS AND FOR SUMMARY JUDGMENT

Defendants City of Lansing and Lansing Police Department, which is not an entity subject to suit, filed their Motion to Dismiss Case as a Discovery Sanction pursuant to Fed.R.Civ.P. 37(c) and (d) for Plaintiff's failure to provide required Rule 26(a) disclosures and for failure to answer Defendants Interrogatories and Request for Production. Additionally, Defendants seek dismissal of Plaintiff's claims under Fed.R.Civ.P. 12(c) as Plaintiff's complaint does not satisfy the pleading requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, ___ U.S. ___; 129 S.Ct. 1937;

173 L.Ed.2d 868 (2009) and under Fed.R.Civ.P. 56(c) as Plaintiff cannot present any evidence to refute Defendants non-discriminatory reason for her termination. For the reasons stated below, Defendants' motion should be granted and Plaintiff's case dismissed with prejudice.

## I. PROCEDURAL BACKGROUND

Plaintiff filed her complaint October 18, 2010 alleging gender discrimination under the Michigan Elliott Larsen Civil Rights Act, gender discrimination under 42 U.S.C. § 1981 in the making and enforcement of a contract and a violation of unspecified constitutional rights brought under 42 U.S.C. § 1983. (Complaint Doc. #1). Defendants answered the complaint on November 11, 2010. (Answer, Doc. # 2). On March 2, 2011 the Rule 16 scheduling conference was held via telephone. (Minutes, Doc. #6). The Case Management Order was issued March 7, 2011 setting May 2, 2011 as the deadline for Rule 26(a) disclosures and August 31 for the completion of discovery. (Case Management Order, Doc. # 7).

Defendant served interrogatories and requests for production on Plaintiff on April 15, 2011. (Proof of Service, Exhibit 1).Defendant sent a letter to Plaintiff's council on July 20, 2011 requesting the discovery responses by August 1, 2011. (Letter dated July 20, 2011, Exhibit 2). Plaintiff has failed to provide any responses to those discovery requests or responded in any way to Defendants' inquiry about the discovery. Discovery closed August 31, 2011.

2

## II. FACTS

Plaintiff's complaint arises out the investigation of Plaintiff by the Michigan State Police which resulted in misdemeanor charges for improper use of the Law Enforcement Information Network (LEIN) system. (Complaint and Warrant, Exhibit 3). She was convicted on one of the charges. (Trial transcript, October 7, 2010, p. 5-6, Exhibit 4). Because of her conviction for improper use of LEIN, pursuant a letter from the Michigan State Police, Plaintiff is permanently restricted from use of the system. (MSP letter dated October 12, 2010, Exhibit 5). Thus Plaintiff can no longer perform an important duty as a police officer. As a result of an internal LPD investigation of violation the Department Rules relating to association with persons under criminal investigation and her conviction for the improper use of the LEIN, following a pre-determination hearing, Plaintiff was terminated from her employment as a police officer on November 23, 2010. (Disciplinary Charge Sheet, Exhibit 6).

## III. ARGUMENT

### A. Legal Standards

#### 1. Discovery sanctions

Under Fed.R. Civ.P. 37(c)(1) a failure to provide information or identify witnesses as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence or testify at trial unless the failure was substantially justified or is harmless. The court may impose sanctions including those listed under Rule 37(b)(2)(A)(i-iv). Subdivision (c) is a self-executing sanction

3

for failure to make disclosure required by Rule 26(a) without need for a motion to compel under Rule 37(a)(2)(A). See Advisory Committee Notes 1993 Amendment; Vance v. Unites States, No. 98-5488, 182 F.3d 920, 1999 WL 455435 at *5 (6th Cir. June 25, 1999) (unpublished – attached as Exhibit 7).

Under Fed.R.Civ.P. 37(d)(1)(A) the court may order sanctions for a party's failure to serve answers, objections, or written response to interrogatories under Rule 33 or request to produce under Rule 34 . A failure is not excused on the grounds that the discovery sought was objectionable unless the party failing to act has a pending motion for protective order. Fed.R.Civ.P. 37(d)(2). Sanctions under Fed.R.Civ.P. 37(b)(2)(A)(i-vi) are appropriate. United States v. Reyes, 307 F.3d 451, 457-458 (6th Cir. 2002). Further, instead if or in addition to the sanctions, the court must require the party failing to or its attorney or both to pay reasonable expenses including attorney fees caused by the failure unless the failure was substantially justified or other circumstances make the award of expenses unjust. Fed.R.Civ.P. 37(d)(3).

### 2. Judgment on the pleadings Fed.R.Civ.P 12(c)

The standard for a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is the same as the standard for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall

4

be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(c). Baraga Products, Inc. v. Commissioner of Revenue, 971 F. Supp 294, 295 (W.D.Mich. 1997).

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court is required to accept the well-pleaded factual allegations in plaintiff's complaint as true. Morgan v. Church's Fried Chicken, 829 F. 2d 10, 12 (6th Cir. 1987); Westlake v. Lucas, 537 F. 2d 857, 858 (6th Cir. 1976). However, the court need not accept as true any legal conclusions or unwarranted factual inferences. Morgan, supra; Westlake; supra.

### 3. Summary judgment Fed.R.Civ.P. 56(c)

Summary judgment under Fed. R. Civ. P. 56(c) is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Sutherland v. Michigan Department of Treasury, 344 F.3d 603, 613 (6th Cir. 2003) quoting Fed. R. Civ. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact. This may be accomplished by demonstrating that the non-moving party lacks evidence to support an essential element of the case. Id. citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23; 106 S.Ct. 2548; 91 L. Ed.2d 265 (1986); Logan v. Denny's, Inc., 259 F.3d 558, 566 (6th Cir. 2001). In response to the motion brought under Rule 56(c), the non-moving party must present "significant probative evidence" to show that "there is [more than] some

metaphysical doubt as to the material facts." Id. quoting Moore v. Philip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993). Summary judgement will not be appropriate "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248; 106 S.Ct. 2505; 91 L.Ed.2d 202 (1986).

### B. Dismissal of Plaintiff's complaint as a discovery sanction is warranted under Fed.R.Civ.P. 37(c)(1) and 37(d).

In the present case, dismissal of Plaintiff's complaint is warranted under Rule 37(c)(1) and 37(d). The court in Vance, supra noted that the language in Rule 37(c)(1) which was amended in 1993 mandates to punish a party for discovery violations in connection with Rule 26(a) unless the violation was harmless or substantially justified. Since Plaintiff has failed to provide any Rule 26(a) disclosures warrants dismissal as Defendant has been prejudiced by not knowing who Plaintiff might call as witnesses or experts and thus not being able to properly defend the case.

Further, Plaintiff's case should be dismissed as a sanction under Rule 37(d) for failure to provide any responses to discovery. Under Rule 37(d) violation of a prior order compelling discovery is not a prerequisite to dismissal of this case. Defendant complied with Rule 37(d)(1)(B) as evidenced by Defendant's letter dated July 20, 2011. Plaintiff has provided no reason for the failure to respond to Defendant's discovery requests.

6

C. **Plaintiff's claims of gender discrimination in employment in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983 for violation of constitutional rights and the ELCRA, MCL 37.2202 must be dismissed or summary judgment granted to Defendants.**

In Counts 1, 2 and 3, Plaintiff asserts claims under 42 U.S.C. § 1981, the Michigan Elliott Larsen Civil Rights Act, M.C.L. § 37.2202 for gender discrimination in employment and under 42 U.S.C. § 1983 for violation of unspecified constitutional rights by her employer, the City of Lansing. Plaintiff's claims should be dismissed under Rule 12(c) as the pleadings do not meet the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, ___ U.S. ___; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009). Further, summary judgment in favor of Defendants is warranted under Rule 56(c) as Plaintiff cannot present any evidence to refute Defendants' non-discriminatory reason for her termination.

1. **Dismissal on the pleadings**

As noted above, dismissal under Rule 12(c) follows the same standards as dismissal under Rule 12(b)(6). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, ___ U.S. ___; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard for granting a motion to dismiss under Rule 12(b)(6). In order to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. This standard is based on two principles. First "the tenet that the court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S.Ct. at 1949. Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice; a plaintiff must offer specific factual allegations to support each claim. Twombly, 550 U.S. at 555. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.

The "plausibility standard . . . asks for more than sheer possibility" of unlawful conduct:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S.Ct. at 1949 (quotations omitted). "Plausibility" refers to "the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their

8

claims across the line from conceivable to plausible.' " Robbins v. Oklahoma ex rel. Dep't. of Human Services, 519 F.3d 1242, 1247 (10th Cir. 2008) quoting Twombly, 550 U.S. at 570. For example, in Iqbal, the allegation that the FBI disproportionately detained Arab Muslims during an investigation after the events of September 11, 2001 was "consistent with" a claim of invidious discrimination but the allegation did not "plausibly establish" a wrongful purpose as the disparate impact could be equally explained by legitimate policy. Iqbal, 129 S.Ct. at 1951.

Assessment of the facial sufficiency of the complaint must be undertaken without resort to matters outside the pleadings. Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010). If materials outside the pleadings are considered, the motion must be treated as one for summary judgment under Rule 56(c). However, the court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. Bassett v. N.C.A.A., 528 F.3d 426, 430 (6th Cir. 2008).

In the present case, Plaintiff's complaint lacks the required factual allegations to state claims for violation of the Elliott Larsen Civil Rights Act, 42 U.S.C. § 1981 and a claim for violation of unspecified constitutional rights brought under 42 U.S.C. § 1983.

Plaintiff's claim in Count 2 under 42 U.S.C. § 1981 must be dismissed on the pleadings because she alleges discrimination in making an enforcing

contracts based on her gender. (Complaint, Doc. #1, para. 19). Under 42 U.S.C. § 1981, Congress sought to protect from invidious discrimination identifiable classes of persons who were subject to intentional discrimination solely because of their ancestry or ethnic characteristics. Thus, the statute protects persons based on race and national origin discrimination, not gender. Saint Francis College v Al-Khazraji, 481 U.S. 604, 613; 107 S.Ct. 2022, 2028 (1987). Since Plaintiff only alleges gender discrimination which is not protected under 42 U.S.C. § 1981, that claim must be dismissed on the pleadings.

Plaintiff's claim in Count 3 for violation of constitutional rights which is brought under 42 U.S.C. § 1983 must be dismissed as Plaintiff has failed to enumerate which constitutional rights were allegedly violated. Further, Plaintiff fails to allege that a custom, practice or policy of the City was the driving force behind the alleged discriminatory actions. Plaintiff may be intending an Equal Protection claim but she fails to allege so. Although Plaintiff alleges under other counts in the complaint that she was treated differently than male officers, including being treated differently than "a comparable James Gill" who allegedly used LEIN improperly was never charged with criminal activity, these allegations do not suffice to support a claim for violation of Plaintiff's constitutional rights. Plaintiff implies that the City filed criminal charges against her when, according to public records, the criminal complaint and warrant were sworn by Michigan State Police officers, not by the City. Further, Plaintiff makes a conclusory allegation that James Gill was "similarly situated" and treated differently. Plaintiff makes "legal

10

conclusions couched as factual allegations" which need not be accepted as true under Rule 12(b)(6) scrutiny. Plaintiff's allegations in Count 3 of a violation of her constitutional rights should be dismissed as the pleading is deficient under Twombly and Iqbal.

Plaintiff's claim in Count 1 of employment discrimination based on her gender brought under the Elliott Larsen Civil Rights Act, M.C.L. 37.2202 also should be dismissed on the pleadings which are speculative and do not meet the "plausibility" requirement of Twombly and Iqbal. Although the Supreme Court in Swierkiewicz v. Sorema N.A., 534 U.S. 506; 122 S.Ct. 992 (2002) determined that a plaintiff asserting discrimination claims under federal statutes need not allege in the pleadings a prima facie case under the McDonnell Douglas / Burdine standard, Plaintiff's gender discrimination claim is brought under the Michigan statute. The Michigan Court of Appeals found the Swierkiewicz standard persuasive but in an unpublished opinion, Topping v. Ferris State University, 2003 WL 21508488, Docket no. 225514, 242331, July 1, 2003. However, Plaintiff's pleadings in Count 1 are so general that they encompass legitimate actions by her employer (i.e., removing plaintiff from certain patrols, conducting a search of LEIN requests, denying comparable hours) and applicable to any police officer. Further, the allegation that she was subject to an internal investigation for improper use of the LEIN system fails to provide a legitimate inference that it was based on her gender rather than based on complaints brought to the attention of Plaintiff's employer by a co-worker and by the Michigan State Police. Plaintiff's claim in Count 1 should be

11

dismissed on the pleadings because the allegations do not plausibly establish a wrongful purpose.

### 2. Summary judgment Fed.R.Civ.P. 56(c)

In the alternative, Plaintiff's claim in Count 1 of employment discrimination because of her gender under the ELCRA and her claim in Count 3 of a violation of her constitutional rights should be dismissed under Rule 56(c) and summary judgment granted to Defendants as Plaintiff cannot prove that Defendant's reasons for her termination were pretext. Under the standards for a Rule 56(c) motion, Plaintiff must present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." Here, since Plaintiff has not conducted any discovery and discovery has closed, Plaintiff cannot come forward with any evidence to refute Defendants' legitimate, non-discriminatory reasons for her termination.

The ELCRA provides that an employer shall not fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition or privilege of employment because of sex. Claims of disparate treatment, which require proof of intentional discrimination, may be proven by direct evidence (a "mixed motive" case) or indirect or circumstantial evidence (a "pretextual" case). Johnson v. Kroger Co., 319 F.3d 858, 864-65 (6th Cir. 2003); Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006); Hazle v Ford Motor Co, 464 Mich 456, 462; 628 NW2d 515 (2001). In some cases, plaintiff is able to produce direct evidence of gender bias. Plaintiff can then

prove unlawful discrimination in the same manner as plaintiff would prove any other civil case. "Direct evidence" is defined as "evidence which if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Jacklyn v. Schering-Plough Healthcare Products Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999). In a "mixed motive" or direct evidence case, "direct evidence of discrimination does not require a fact finder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." Johnson, 319 F.3d at 865. Plaintiff must show that unlawful discrimination was the more likely than not a "substantial" or "motivating" factor in the defendant's decision. With the presentation of direct evidence of discrimination, the burden of both production and persuasion shifts to the employer to prove that it would have taken the same actions against the employee if it had not been motivated by impermissible discrimination. Id.

If there is no direct evidence of unlawful discrimination, a plaintiff may rely on the McDonnell Douglas / Burdine burden shifting analysis. Plaintiff must first offer a prima facie case of discrimination by presenting evidence that (1) plaintiff belonged to a protected class, (2) that plaintiff suffered and adverse employment action, (3) she was qualified for the position, and (4) she suffered and adverse employment action under circumstances that give rise to an inference of unlawful discrimination. Betkerur v. Aultman Hospital Association, 78 F.3d 1079, 1095 (6th Cir. 1996). Plaintiff's establishment of a prima facie case establishes a

13

rebuttable presumption of discrimination. Defendant then has the opportunity to articulate a legitimate, nondiscriminatory reason for its employment decision to rebut the presumption created by the presentation of a prima facie case. Id. at 1094. If the defendant makes the articulation that the employment actions were taken for legitimate non-discriminatory reasons, the presumption created by the presentation of a prima facie case drops away. Id. at 1095.

At this point, to survive summary judgment, plaintiff must demonstrate that the evidence in the case, when construed in plaintiff's favor is "sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff." Johnson, 319 F. 3d at 866. Plaintiff must present "by a preponderance of admissible direct or circumstantial evidence . . . that the employer's proffered reasons were not true reasons but mere pretext for discrimination." Id.

In the present case, Plaintiff was terminated, following an internal investigation, for violation of three Rules of Conduct of the police department. She was found to have violated Rule 1.04 – Conformance to Laws which states that employees shall obey all laws of the United States and of any state and local jurisdiction in which the employee is present. The Rule also provides that a conviction of any violation of any law shall be prima facie evidence of a violation of Section 1.04. There is no dispute that Plaintiff was convicted by a jury of a violation of M.C.L. 28.214(6)(a) – unauthorized disclosure of LEIN information. As a result the Michigan State Police, Criminal Justice Information Center notified the LPD

14

that because of the conviction, Plaintiff was permanently denied access to the LEIN system. Plaintiff also was found to have violated Rule of Conduct 1.26 – Associations. That Rule provides that an employee shall avoid regular or continuous associations or dealings with persons they know, or should know, are persons under criminal investigation or indictment or have a reputation in the community or Department for present involvement in felonious or criminal behavior. Finally she was found to have violated Rule 1.02 – Unbecoming Conduct. Rule 1.02 provides that employees shall conduct themselves at all times in a manner as to not discredit the Department. (Disciplinary Charge Sheet, Exhibit 6).

Plaintiff cannot present any evidence that the reasons for her termination were pretext for gender discrimination. Plaintiff has taken no discovery and thus can only present conclusory allegations which are insufficient to avoid summary judgment.

### III. CONCLUSION

Plaintiff has failed to comply with the court Case Management Order requiring Rule 26(a) disclosures by May 2, 2011 and has failed to answer Defendants' discovery requests. Plaintiff's conduct is not justified and has harmed and prejudiced Defendant in being able to properly defend the complaint against them. Therefore, Defendants request that this Honorable Court grant Defendants' motion and dismiss Plaintiff's case with prejudice as a discovery sanction. Further, Defendants request that their motion to dismiss under Rule 12(c) be granted as to all counts. In the alternative, summary judgment on Count 1 for gender

15

discrimination under the ELCRA should be granted to Defendants as Plaintiff cannot present any evidence to refute Defendants' non-pre-textual reasons for her termination.

Respectfully submitted,

PLUNKETT COONEY

Dated: September 14, 2011
By: /S/ David K. Otis
PLUNKETT COONEY
Attorney for Defendants
325 E. Grand River Ste 250
East Lansing, MI 48823
(517) 324-5612
dotis@plunkettcooney.com
(P31627)

## SIGNATURE AND SERVICE CERTIFICATION

I, David K. Otis, undersigned attorney for Defendants, certify that, on September 14, 2011, I electronically filed Defendants' Motion to Dismiss as a Discovery Sanction or for Dismissal on the Pleadings and for Summary Judgment and Brief in Support with the Clerk of the Court using the ECF system which will send notification of such file to Richard A. Meier, attorney for Plaintiff.

Respectfully submitted,

PLUNKETT COONEY

Dated: September 14, 2011
By: /S/ David K. Otis
David K. Otis (P31627)
Attorney for Defendants
325 E. Grand River Ste 250
East Lansing, Ml 48823
(517) 324-5612

Open.18566.03527.11177403-1

16