UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI WILLIAMS,

    Plaintiff,

v.

CITY OF LANSING,
CITY OF LANSING POLICE
DEPARTMENT,

    Defendants.
_____/

Case No. 1:10-CV-1028

HON. GORDON J. QUIST

## OPINION

Plaintiff, Lori Williams ("Williams"), has sued Defendants, the City of Lansing (the "City") and the City of Lansing Police Department (the "LPD"), alleging that Defendants violated the Michigan Elliott-Larsen Civil Rights Act ("Elliott-Larsen Act"), M.C.L. § 37.2101, *et seq.* (Count 1); 42 U.S.C. § 1981 (Count 2); and 42 U.S.C. § 1983 (Count 3), when it discharged her for improper use of the Law Enforcement Information Network ("LEIN") system and for violating LPD rules prohibiting associating with persons under criminal investigation or indictment and engaging in conduct unbecoming a police officer.

Defendants move for dismissal of Williams' claims pursuant to Fed. R. Civ. P. 37(c) and (d) as a sanction for failing to provide the required Rule 26(a) disclosures and failing to answer Defendants' Interrogatories and Request for Production. Defendants also move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56(a). For the reasons set forth below, the Court will grant the Defendants' motion and dismiss Williams' complaint with prejudice.

**BACKGROUND**

Williams was employed by the City as a police officer. In 2010, the Michigan State Police investigated Williams for improper use of the LEIN system. As a result of this investigation, Williams was charged with four misdemeanor counts for improper use of the LEIN system, in violation of M.C.L.A. 28.214(6)(a). (Defs.' Br. Supp. Mot. Ex. 3.) Following a jury trial, Williams was acquitted of three and convicted of one of the charges. Thereafter, the Michigan State Police notified Defendants of the conviction and the resulting consequence that Williams would no longer be permitted to use the LEIN system. (Defs.' Br. Supp. Mot. Ex. 5.)

Based upon the information received from the Michigan State Police, Defendants conducted an internal investigation of Williams. The investigation revealed that Williams violated LPD rules prohibiting officers from: (1) associating with persons under criminal investigation or indictment; (2) violating federal, state, or local laws; (3) engaging in conduct unbecoming of a police officer. On November 23, 2010, following a pre-determination hearing on these charges, Defendants discharged Williams from her position as a police officer. (Defs.' Br. Supp. Mot. Ex. 6.)

Williams filed her complaint in this case on October 18, 2010.[1] On March 7, 2011, the Court issued a Case Management Order which set May 2, 2011, as the deadline for Rule 26(a) disclosures and August 31, 2011, as the close of discovery. On April 15, 2011, Defendants served Interrogatories and a Request for Production of Documents on Williams. (Defs.' Br. Supp. Mot. Ex. 1.) Williams failed to timely respond to the discovery requests. On July 20, 2011, Defendants' counsel sent Williams' counsel a letter requesting answers to the discovery requests by August 1, 2011. (Defs.' Br. Supp. Mot. Ex. 2.) Williams failed to respond to the discovery requests. In

---

[1] It appears that Williams filed her complaint before final notification of the discharge.

2

addition, Williams has never provided Rule 26(a) disclosures, as directed by the Case Management Order.

### DISCUSSION

Defendants argue that Williams' complaint is subject to dismissal on three grounds. First, they contend that the Court should dismiss Williams' claims as a discovery sanction under Rule 37(c) and (d). Rule 37(c)(1) provides that if a party fails to provide the disclosures specified in Rule 26(a), that party will be prohibited from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A court may order other, or additional, sanctions, including entry of any of the orders set forth in Rule 37(b)(2)(A)(i)-(vi), which include a range of sanctions up to dismissal of the action. Fed. R. Civ. P. 37(c)(1)(C). Similarly, Rule 37(d) allows a court to impose sanctions against a party who fails to answer discovery requests submitted under Rules 33 or 34, including issuance of the orders set forth in rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Second, Defendants contend that Williams' claims are subject to dismissal pursuant to Rule 12(b)(6) because they fail to state a claim upon which relief can be granted. Finally, Defendants argue that they are entitled to summary judgment under Rule 56(a) on Williams' Elliott-Larsen Act claim because Williams cannot show that Defendants' legitimate, nondiscriminatory reasons for terminating her are pretext for unlawful discrimination.[2]

In her response, Williams does not dispute Defendants' assertion that she failed to provide the required Rule 26(a) disclosures or that she failed to properly respond to Defendants' discovery

---

[2] Defendants also note that the LPD is not an entity subject to suit because it is merely an agency of the City. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 452 (6th Cir. 2007) (noting that the district court properly dismissed the township's police department from the plaintiff's suit under § 1983 because under Michigan law the police department was subsumed within the township as a municipal entity). Williams does not dispute that the LPD is not subject to suit apart from the City.

request. Nor does Williams respond to Defendants' argument that dismissal is an appropriate sanction for Williams' complete failure to provide discovery. On the merits, Williams does not dispute that she fails to state a claim under Counts 2 and 3 of her complaint for violation of 42 U.S.C. §§ 1981 and 1983, respectively. Indeed, Williams has no basis to dispute that her claim in Count 2 for violation of § 1981 "in the making and enforcement of a contract of employment due to her gender," (Compl. ¶ 19), fails as a matter of law because § 1981 prohibits discrimination on the basis of race, not gender. *Runyon v. McCrary*, 427 U.S. 160, 168, 96 S. Ct. 2586, 2593 (1976) ("It is now well established that § 1 of the Civil Rights Act of 1866, 14 Stat. 27, 42 U.S.C. § 1981, prohibits racial discrimination in the making and enforcement of private contracts." (footnote omitted)); *Anooya v. Hilton Hotels Corp.*, 733 F.3d 48, 50 (7th Cir. 1984) (noting that § 1981 "does not protect against discrimination based on sex or religion or age" (footnotes omitted)). Williams' claim in Count 3 (erroneously labeled Count 2) is subject to dismissal, as Defendants argue, because Williams fails to allege that Defendants violated any specific constitutional right. Because § 1983 is not itself a source of substantive rights, a plaintiff must identify the specific constitutional source for such a claim. *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870 (1989). Because Williams fails to allege the violation of a specific constitutional right, her § 1983 claim fails as a matter of law. Thus, Counts 2 and 3 fail to state claims for violation of §§ 1981 and 1983.[3]

The sole claim Williams addresses in her response is her claim under the Elliott-Larsen Act. She argues that she has created a genuine issue of material fact on that claim because she has presented evidence showing that a male police officer, James Gill, improperly used the LEIN system

---

[3]Dismissal of Counts 2 and 3 is also appropriate because by failing to respond to Defendants' arguments regarding these claims in her response brief, Williams has waived any argument she may have that these claims should not be dismissed. *See In re H & R Block Mortg. Corp. Prescreening Litig.*, No. 2:06-MD-230 (MDL 1767), 2007 WL 325351, at *4 n.5 (N.D. Ind. Jan. 30, 2007) (noting that a plaintiff's failure to address the issue of punitive damages in his response constituted a waiver of any argument on that issue).

but was not discharged. Instead, Williams says, Gill received a 30-day suspension that was overturned in the grievance process. (Pl.'s Resp. Br. at 4.) Although the Court has indicated that it will dismiss all of Williams' federal law claims, it will exercise its discretion under 28 U.S.C. § 1367 to decide the state law Elliott-Larsen Act claim in light of the advanced stage and present posture of the litigation. Moreover, although Defendants are correct that dismissal of all claims is appropriate as a discovery sanction, the Court will review the Elliott-Larsen claim under the summary judgment standard.

The Rule 56(a) summary judgment standard is well known to both the Court and the parties and will not be repeated here. Williams' Elliott-Larsen claim is based on circumstantial evidence and, therefore, may be analyzed under the well-known *McDonnell Douglas/Burdine* burden-shifting framework. *See Hatchet v. Health Care & Ret. Corp. of Am.*, 186 F. App'x 543, 547 (6th Cir. 2006) ("Where the plaintiff fails to present direct evidence of racial discrimination, the courts analyze Title VII and Elliott-Larsen Act cases under the *McDonnell Douglas* burden-shifting paradigm."). Under the *McDonnell Douglas/Burdine* burden-shifting framework, a plaintiff alleging a claim of gender discrimination has the initial burden of establishing a prima facie case by showing that: (1) she was a member of a protected class; (2) she was discharged; (3) she was otherwise qualified for the position; and (4) she was treated differently than a similarly situated, non-protected employee. *Abdulnour v. Campbell Soup Supply Co.*, 502 F.3d 496, 502 (6th Cir. 2007). If the plaintiff establishes a prima facie case, a presumption of intentional discrimination arises, and the burden then shifts to the defendant to set forth "'a legitimate, nondiscriminatory reason' . . . for its actions which, *if believed by the trier of fact*, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S. Ct. 2742, 2747 (1993) (emphasis in original) (citations omitted) (quoting *Tex. Dep't of Cmty. Affairs*

*v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094 (1981)). If the defendant meets its burden of production, the plaintiff must then prove by a preponderance of the evidence that the defendant's conduct was motivated by unlawful discrimination rather than by the reasons articulated by the defendant. *See Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 883 (6th Cir. 1996) (citing *Burdine*, 450 U.S. at 252-53, 101 S. Ct. at 1093-94).

Defendants are entitled to summary judgment because Williams fails to establish the fourth element of a prima facie case. Williams contends that James Gill was similarly situated, but this argument fails for two reasons. First, in opposing Defendants' motion, Williams relies on inadmissible evidence, namely, a newspaper article from the Lansing State Journal reporting the details of Williams' case, which includes a brief mention of an interview with Gill. The newspaper article itself is not admissible. Although a party opposing a motion for summary judgment need not present its opposing evidence in a form that would be admissible at trial, "the party opposing summary judgment must show that she *can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). Williams fails to show that she will be able to present admissible evidence at trial. Moreover, the statements in the newspaper article are hearsay, and therefore cannot defeat a motion for summary judgment. *Id.* at 559. Second, and perhaps more importantly, Gill was not similarly situated to Williams. To be similarly-situated, "[t]he plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). "[R]ather, . . . the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in 'all of the *relevant* aspects.'" *Id.* (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994)

(emphasis added)). There is no evidence that Gill was similarly situated to Williams. First, the newspaper article indicates that Gill was disciplined more than ten years ago. There is no indication that Gill and Williams dealt with the same supervisor, were subject to the same standards, or that the same decision-maker(s) was involved. Second, and more importantly, there is no indication that Gill was disciplined for multiple violations of LPD policy, as was Williams. As noted, the internal investigation also concluded that Williams associated with multiple felons and was untruthful with a Michigan State Trooper during a traffic stop. Nothing in the newspaper article mentions that Gill committed multiple violations of LPD policy.

Even if Williams were able to establish a prima facie case, she has presented no evidence to show that Defendants' reasons for terminating her were pretext. Williams' assertion that she was terminated based on the charges resulting from the Michigan State Police investigation and not based on her sole misdemeanor conviction misses the mark. Again, Williams has failed to show that she was similarly situated to Gill, and she completely fails to present any evidence that the reasons given by Defendants were not the real reasons for her discharge.

## Conclusion

For the foregoing reasons, the Court will grant Defendants' motion for summary judgment and dismiss Williams' complaint with prejudice.

An Order Consistent with this Opinion will be entered.


Dated: November 15, 2011         /s/ Gordon J. Quist
                                 GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE